# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BEATRICE THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>COLUMBUS LIFE INSURANCE COMPANY, *et al*.,<br><br>    Defendants. | Case No. 2:05-CV-00630-KJD-LRL<br><br>**ORDER** |
| COLUMBUS LIFE INSURANCE COMPANY,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>DMF INSURANCE SERVICES, INC.,<br><br>    Third-Party Defendant. | |

    Presently before the Court is Third-Party Plaintiff's Motion to Dismiss Pursuant to FRCP 41(a)(2) (#203). Third-Party Defendant filed a response in opposition (#216) to which Third-Party Plaintiff replied (#227).

I.  Background

    Abner Thompson died on June 8, 2004. Plaintiff, Beatrice Thompson, was the sole beneficiary of a life insurance policy issued by Defendant and Third-Party Plaintiff Columbus Life Insurance Company ("Columbus"). Plaintiff then made a claim under the policy, which was

investigated and denied by Columbus based on suspected misrepresentations in the application for insurance, amongst other reasons. On April 13, 2005, Plaintiff filed a complaint in state court alleging breach of contract, bad faith, and breach of statutory duty. Columbus filed its answer on May 19, 2005.

Based on discovery and investigation following removal of the case to federal court, Columbus filed a third-party complaint against Third-Party Defendant DMF Insurance Services, Inc. ("DMF"), the issuing agent on the policy, on October 24, 2005. Columbus seeks contribution and indemnity based on the alleged failure of DMF to follow marketing guidelines, failure to give timely notice of material misrepresentations in the application process, and irregularities in delivery of the policy.

On March 11, 2006, David Friedman, the owner of DMF and person most knowledgeable of DMF, passed away after a battle with colon cancer before he could be deposed. Though his deposition had been originally noticed for November 3, 2005, the parties were unable to reschedule the deposition before his death. Furthermore, Columbus was never informed that Mr. Friedman was suffering from a serious and likely terminal illness.

On October 31, 2006, Plaintiff's deposition was taken. In her deposition, Plaintiff testified that she and her husband had received no outside financial assistance with payments of premiums. A positive response would have strengthened Columbus's case against DMF, premised on its belief that the Thompsons were receiving funds from third parties for the purpose of purchasing and reselling the policies on the viatical insurance market violating its marketing guidelines. Twenty-two (22) days later Columbus filed the present motion seeking to voluntarily dismiss the action in accordance with Federal Rule of Civil Procedure 41(a)(2).

II.  Analysis

A district court should grant a motion for voluntarily dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" means "prejudice to some legal interest, some

legal claim, some legal argument." Id. at 976 (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)). Failure to resolve the dispute or the threat of future litigation does not result in plain legal prejudice. Id.

In response to Columbus's motion, DMF argues that the Court should only dismiss the action with prejudice and with an award of attorney's fees. DMF does not specifically argue that it will suffer any particular legal prejudice resulting from the dismissal of the case. Instead DMF argues that Columbus's claims were meritless, that Columbus delayed in bringing the motion to dismiss, and that it has incurred substantial amounts of attorney's fees.

First, despite DMF's attempts to characterize Columbus's claims as meritless, the Court recognizes that Columbus raised issues of fact from which a trier of fact could infer the truth of its claims. Columbus's inability to find the "smoking gun" during discovery, especially given the death of the main witness in the case before his deposition, does not mean that its claims were meritless. Essentially DMF is arguing that uncertainty over the validity of the claims remain and that dismissing the action without prejudice and without resolving DMF's motion for summary judgment (filed subsequent to the motion to dismiss) or letting the case proceed to trial is unfair. However, as noted by the Court, failure to resolve a dispute does not result in plain legal prejudice. See id.

Second, DMF argues that Columbus delayed in moving for voluntary dismissal resulting in several months of unnecessary discovery and expense. While Columbus could have filed for voluntary dismissal immediately upon the death of David Friedman, its attempts to prove its claims by pursuing other avenues of evidence is not dilatory. Instead, Columbus waited until a month after the final deposition of Plaintiff and before DMF filed its motion for summary judgment before moving to voluntarily dismiss the case. These facts, alone, do not demonstrate legal prejudice. See Westlands, 100 F.3d at 97 (waiting until a month after court denied preliminary injunction and settlement efforts failed and before defendant filed a motion for summary judgment to move for voluntary dismissal is not dilatory).

Finally, DMF argues than any dismissal must be conditioned on Columbus paying the substantial attorney's fees and costs that it has incurred.  The expense incurred in defending against a lawsuit does not amount to legal prejudice.  See id. (citing Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)).  Costs and attorney fees are often imposed upon a plaintiff who is granted voluntary dismissal.  See Stevedoring, 889 F.2d at 921.  However, imposition of costs and fees as a condition for dismissing without prejudice is not mandatory.  See Wetlands, 100 F.3d at 97.

DMF argues that it should be awarded attorney's fees and costs from the date of Friedman's death, March 11, 2006, going forward.  However, DMF's argument for attorney's fees is deficient in several areas.  First, it appears anomalous to award attorney's fees to DMF when it has pointed to no statute or rule that would allow it to recover those fees even if it prevailed at trial.  See Stevedoring, 889 F.2d at 921 (citing 9 C. Wright & Miller, Federal Practice and Procedure, § 2366, n. 15 (1971)(collecting cases)).  Additionally, the Court has already pointed out that DMF's argument that Columbus's attempt to pursue evidence of its claims through sources other than Friedman's testimony was not dilatory.  Finally, DMF can only seek costs and fees for work which cannot be used in any future litigation of these claims.  See Wetlands, 889 F.2d at 98.  DMF is additionally protected in future litigation by Rule 42(d)(allowing a court to condition progress of a refiled action on payment of costs and fees related to a previous action that has been voluntarily dismissed).  Therefore, the Court declines to condition dismissal upon the payment of DMF's attorney's fees and costs.

Since DMF has failed to demonstrate legal prejudice that would result from this action being dismissed without prejudice, the Court grants Third-Party Plaintiff Columbus's motion for voluntary dismissal without prejudice.  Furthermore, the Court finds that an award of DMF's attorney's fees and costs is not necessary in this action to protect DMF.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Third-Party Plaintiff's Motion to Dismiss Pursuant to FRCP 41(a)(2) (#203) is **GRANTED**;

IT IS FURTHER ORDERED that Columbus's Amended Third-Party Complaint (#26) is **DISMISSED without prejudice**;

IT IS FURTHER ORDERED that DMF's Motion for Summary Judgement (#209) is **DENIED as moot**.

DATED this 17TH day of April 2007.

_____
Kent J. Dawson
United States District Judge